**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAVID DREWS,

        Plaintiff,

        v.

CHRIS CICCHITTO,

        Defendant.

Civil Action No.  2:23-cv-1934

**Electronically Filed**

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW, comes the Defendant, Chris Cicchitto, by and through his attorneys, Dickie, McCamey & Chilcote, P.C. and Christopher J. Watson, Esquire, and files the within Answer and Affirmative Defenses to Plaintiff's Complaint and, in support thereof, aver as follows:

### ANSWER

1.      The allegations set forth in Paragraph 1 of the Complaint are admitted in part and denied in part.  It is admitted that Defendant struck Plaintiff.  It is admitted that certain of the criminal charges advanced against Plaintiff were dismissed while other criminal charges were not prosecuted.  The remaining allegations set forth in this paragraph are denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.

2.      After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, the same being denied and strict proof thereof will be demanded at the time of trial.

3.      The allegations set forth in Paragraph 3 of the Complaint consist of legal conclusions to which no response is required from Defendant.  To the extent an answer is

deemed necessary, the allegations set forth in Paragraph 2 of the Complaint are admitted in part and denied in part.  It is admitted that Defendant was a police officer.  It is denied that Defendant was employed by "University of Pittsburgh Medical Center ("UPMC")."  It is averred that Defendant was employed by UPMC Presbyterian Shadyside.

4.      The allegations set forth in Paragraph 3 of the Complaint consist of legal conclusion to which no response is required from Defendant.

5.      The allegations set forth in Paragraph 4 of the Complaint are admitted.

6.      The allegations set forth in Paragraph 6 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical records.  Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.  By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, the same being denied and strict proof thereof will be demanded at the time of trial.

7.      The allegations set forth in Paragraph 7 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical records.  Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.  By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7

of the Complaint, the same being denied and strict proof thereof will be demanded at the time of trial.

8.      The allegations set forth in Paragraph 8 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical records.  Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.  By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, the same being denied and strict proof thereof will be demanded at the time of trial.

9.      The allegations set forth in Paragraph 9 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical records.  Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.  By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, the same being denied and strict proof thereof will be demanded at the time of trial.

10.     The allegations set forth in Paragraph 5 of the Complaint are admitted in part and denied in part.  It is admitted that Defendant accompanied Plaintiff during transport to UPMC Western Psychiatric Hospital.  It is believed and therefore averred that there were three

security officers also present.  The remaining allegations of fact set forth in this paragraph are denied.

11.     The allegations set forth in Paragraph 11 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical records.  Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.  By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, the same being denied and strict proof thereof will be demanded at the time of trial.

12.     The allegations set forth in Paragraph 12 of the Complaint consist of medical and/or expert opinions which are more appropriately the subject of expert testimony at the time of trial and thus require no response from Defendant.  To the extent an answer is deemed necessary, the allegations set forth in this paragraph are denied. To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.

13.     The allegations set forth in Paragraph 6 of the Complaint consist of medical and/or expert opinions which are more appropriately the subject of expert testimony at the time of trial and thus require no response from Defendant.  To the extent an answer is deemed necessary, the allegations set forth in this paragraph are denied. To the extent that this paragraph alleges or implies negligence and/or wrongful conduct on the part of Defendant, those allegations/implications are denied.

14.     The allegations set forth in Paragraph 14 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical records.   Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.  By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, the same being denied and strict proof thereof will be demanded at the time of trial.

15.     The allegations set forth in Paragraph 7 of the Complaint are admitted.

16.     The allegations set forth in Paragraph 8 of the Complaint are denied.

17.     The allegations set forth in Paragraph 17 of the Complaint consist of legal conclusions to which no response is required by Defendant.  To the extent an answer is deemed necessary, the allegations set forth in this paragraph are admitted in part and denied in part.  It is admitted that Defendant attempted to remove the cell phone from Plaintiff's hands.  It is admitted that Defendant struck Plaintiff after Plaintiff grabbed Defendant's protective vest and/or taser.  It is admitted that Plaintiff was calling the officers names.  All other allegations of fact set forth in this paragraph are denied as stated.  As to the particularities of the subject video recording, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint regarding the particularities of the video recording, the same being denied and strict proof thereof will be demanded at the time of trial.  To the extent that this paragraph alleges or

implies   negligence   and/or   wrongful   conduct   on   the   part   of   Defendant,   those allegations/implications are denied.

18.     The allegations set forth in Paragraph 9 of the Complaint are admitted in part and denied in part.  It is admitted that Defendant struck Plaintiff more than once.  The remaining allegations set forth in this paragraph are denied as stated.

19.     The allegations set forth in Paragraph 10 of the Complaint are denied.

20.     The allegations set forth in Paragraph 11 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical records.   Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.  It is denied that Defendant lied to medical doctors.

21.     The allegations set forth in Paragraph 21 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical records.   Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.  By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, the same being denied and strict proof thereof will be demanded at the time of trial.

22.     The allegations set forth in Paragraph 22 of the Complaint are denied as stated. The particulars of the care and treatment provided to the Plaintiff are set forth in the medical

records.   Pursuant to Fed. R. Civ. P. 8(b)(3), all other allegations of fact set forth in this paragraph are generally denied.  To the extent that this paragraph alleges or implies negligence or wrongful conduct on the part of Defendant, those allegations/implications are denied.

23.   The allegations set forth in Paragraph 12 of the Complaint are denied.

24.   The allegations set forth in Paragraph 13 of the Complaint are denied.

25.   The allegations set forth in Paragraph 14 of the Complaint are admitted.

26.   The allegations set forth in Paragraph 15 of the Complaint are denied.

27.   The allegations set forth in Paragraph 16 of the Complaint are admitted.

28.   The allegations set forth in Paragraph 17 of the Complaint are denied as stated. It is averred that the remaining criminal charges were held for court and nolle prossed by the prosecutor.

## COUNT I

## Excessive Force Pursuant to 42 U.S.C. §1983

29.   Paragraph 29 of the Complaint incorporates by reference the allegations set forth in Paragraphs 1 through 28 of that pleading.  In response thereto, this defendant incorporates by reference its responses to Paragraphs 1 through 28 of the Complaint as if the same were more fully set forth at length herein.

30.   The allegations set forth in Paragraph 18 of the Complaint are denied.

WHEREFORE, the defendant, Chris Cicchitto, denies any and all liability to plaintiff and demands that judgment be entered in his favor and against plaintiff.

**JURY TRIAL DEMANDED.**

## COUNT II

### First Amendment Retaliation

31.     Paragraph 31 of the Complaint incorporates by reference the allegations set forth in Paragraphs 1 through 30 of that pleading.  In response thereto, this defendant incorporates by reference its responses to Paragraphs 1 through 30 of the Complaint as if the same were more fully set forth at length herein.

32.     The allegations set forth in Paragraph 19 of the Complaint are denied.

WHEREFORE, the defendant, Chris Cicchitto, denies any and all liability to plaintiff and demands that judgment be entered in his favor and against plaintiff.

**JURY TRIAL DEMANDED.**

## COUNT III

### Malicious Prosecution Pursuant to 42 U.S.C. §1983

33.     Paragraph 33 of the Complaint incorporates by reference the allegations set forth in Paragraphs 1 through 32 of that pleading.  In response thereto, this defendant incorporates by reference its responses to Paragraphs 1 through 32 of the Complaint as if the same were more fully set forth at length herein.

34.     The allegations set forth in Paragraph 20 of the Complaint are denied.

WHEREFORE, the defendant, Chris Cicchitto, denies any and all liability to plaintiff and demands that judgment be entered in his favor and against plaintiff.

**JURY TRIAL DEMANDED.**

## COUNT IV

### False Arrest Pursuant to 42 U.S.C. §1983

35.     Paragraph 35 of the Complaint incorporates by reference the allegations set forth in Paragraphs 1 through 34 of that pleading.  In response thereto, this defendant incorporates

by reference its responses to Paragraphs 1 through 34 of the Complaint as if the same were more fully set forth at length herein.

36.     The allegations set forth in Paragraph 21 of the Complaint are denied.

WHEREFORE, the defendant, Chris Cicchitto, denies any and all liability to plaintiff and demands that judgment be entered in his favor and against plaintiff.

**JURY TRIAL DEMANDED.**

## COUNT V

### Common Law Assault

37.     Paragraph 37 of the Complaint incorporates by reference the allegations set forth in Paragraphs 1 through 36 of that pleading.  In response thereto, this defendant incorporates by reference its responses to Paragraphs 1 through 36 of the Complaint as if the same were more fully set forth at length herein.

38.     The allegations set forth in Paragraph 22 of the Complaint are denied.

WHEREFORE, the defendant, Chris Cicchitto, denies any and all liability to plaintiff and demands that judgment be entered in his favor and against plaintiff.

**JURY TRIAL DEMANDED.**

## COUNT VI

### Common Law Battery

39.     Paragraph 39 of the Complaint incorporates by reference the allegations set forth in Paragraphs 1 through 38 of that pleading.  In response thereto, this defendant incorporates by reference its responses to Paragraphs 1 through 38 of the Complaint as if the same were more fully set forth at length herein.

40.     The allegations set forth in Paragraph 23 of the Complaint are denied.

WHEREFORE, the defendant, Chris Cicchitto, denies any and all liability to plaintiff and demands that judgment be entered in his favor and against plaintiff.

**JURY TRIAL DEMANDED.**

## COUNT VII

### Common Law Malicious Prosecution

41.     Paragraph 41 of the Complaint incorporates by reference the allegations set forth in Paragraphs 1 through 40 of that pleading.  In response thereto, this defendant incorporates by reference its responses to Paragraphs 1 through 40 of the Complaint as if the same were more fully set forth at length herein.

42.     The allegations set forth in Paragraph 24 of the Complaint are denied.

WHEREFORE, the defendant, Chris Cicchitto, denies any and all liability to plaintiff and demands that judgment be entered in his favor and against plaintiff.

**JURY TRIAL DEMANDED.**

**AFFIRMATIVE DEFENSES**

43.     Plaintiff's Complaint fails to state a claim upon which relief may be granted for malicious prosecution pursuant to 42 U.S.C. § 1983 against Defendant.

44.     Plaintiff's Complaint fails to state a claim upon which relief may be granted for relief under 42 U.S.C. § 1983 against Defendant.

45.     Plaintiff's Complaint fails to state a claim upon which relief may be granted under the First Amendment against Defendant.

46.     Plaintiff's Complaint fails to state a claim upon which relief may be granted for false arrest pursuant to 42 U.S.C. § 1983 against Defendant.

47.     Plaintiff's Complaint fails to state a claim upon which relief may be granted for common law assault against Defendant.

48.     Plaintiff's Complaint fails to state a claim upon which relief may be granted for common law battery against Defendant.

49.     Plaintiff's Complaint fails to state a claim upon which relief may be granted for common law malicious prosecution against Defendant.

50.     Plaintiff's Complaint fails to state a claim upon which relief may be granted for punitive damages against Defendant.

51.     Plaintiff is not entitled to attorney's fees, witness or any other costs.

52.     To the extent applicable and to the extent that discovery should reveal, Defendant asserts qualified immunity.

53.     Plaintiff is without the deprivation of a federal constitutional right upon which to premise his claims against Defendant.

54.     The circumstances existing prior to, at the time of and following the alleged events about which Plaintiff complains rendered the exercised force constitutionally reasonable and permissible.

55.     Plaintiff's claims are barred by the doctrines of privilege, justification and self-defense.

56.     Defendant asserts as an affirmative defense any governmental immunity afforded under the Political Subdivision Tort Claims Act to the extent Plaintiff's claims are not premised on a federal civil rights statute.

57.     Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of such exemplary relief, without proof of every element beyond a reasonable

doubt, would violate Defendant's due process rights under the Fourteenth Amendment to the United States Constitution.   Alternatively, unless Defendant's alleged liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

58.     Plaintiff's claim for punitive damages against Defendant cannot be sustained because any award for punitive damages under federal law, without bifurcating the trial of all punitive damage issues, would violate the Defendant's due process right guaranteed by the Fourteenth Amendment of the United States Constitution.

59.     Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under federal law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages which a jury may impose, would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

60.     Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under federal law by a jury that (a) is not provided with a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damage award; (b) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence in punishment; (c) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (d) is permitted to award punitive damages under a standard for determining liability for punitive damages as vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and/or (e) is not subject

to judicial review on the basis of objective standards would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.

61.     Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under federal law for the purpose of compensating Plaintiff for elements of damages is not otherwise recognized by federal law and would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

62.     Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under federal law, without the same protection that is accorded criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel, would violate the Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment.

63.     Any award of punitive damages against Defendant based on anything other than his alleged conduct that is the subject of this litigation would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment, as incorporated into the Fourteenth Amendment.

64.     The force utilized by Defendant in the encounter was *de minimis* and objectively reasonable in nature and extent and, therefore, not excessive, constitutionally or otherwise.

65.     Any recovery for the injury or damage about which Plaintiff complains, the occasion, nature and extent of which are unknown and, therefore and hereinafter, are deemed

denied, is barred, reduced or otherwise limited by condition or events not caused or contributed to by Defendant.

66.     To the extent the evidence reveals that Plaintiff had a pre-existing condition that caused or contributed to the claimed injuries, damages and/or other losses, Defendant pleads the existence of that pre-existing condition as an affirmative defense.

67.     To the extent that the evidence reveals any failure to mitigate, Defendant pleads this as an affirmative defense.

68.     Defendant pleads that, without admitting any liability, the alleged injuries, damages and/or other losses, if any, were not caused by the Defendant but were instead caused by others not under the Defendant's control or supervision.

69.     Defendant pleads that, without admitting any liability, the alleged injuries, damages and/or other losses, if any, were caused by intervening and/or superseding causes.

70.     Plaintiff is precluded from recovering damages for future medical expenses to the extent such damages would be covered by a health insurance plan providing minimum essential coverage mandated by the provisions of the Patient Protection and Affordable Care Act (a/k/a the "Affordable Care Act"), Pub. L. No. 111-148, 124 Stat. 119 (2010), and all of the Affordable Care Act's attendant rules and regulations.

71.     Plaintiff is barred from recovering any past and/or future premiums, deductibles or other expenses related to the health insurance plan providing minimum essential coverage as required by law.

72.     Plaintiff is barred from recovering any past medical expenses to the extent Plaintiff failed to obtain the minimum essential coverage as required by the Affordable Care Act.

73.     Defendant pleads the contributory/comparative negligence of Plaintiff.

WHEREFORE, the defendant, Chris Cicchitto, denies any and all liability to plaintiff and demands that judgment be entered in his favor and against plaintiff.

**JURY TRIAL DEMANDED.**

DICKIE, McCAMEY & CHILCOTE, P.C.

By:   */s/ Christopher J. Watson*
Christopher J. Watson
PA I.D. #209340
cwatson@dmclaw.com

Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
(412) 281-7272

Attorney for Defendant,
Chris Cicchitto

**CERTIFICATE OF SERVICE**

I, Christopher J. Watson, hereby certify that on the 8th day of April, 2024, I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of Court via the CM/ECF System, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

By:   */s/ Christopher J. Watson*
Christopher J. Watson
PA I.D. #209340
cwatson@dmclaw.com

Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
(412) 281-7272

Attorney for Defendant,
Chris Cicchitto